Edgar R. Cataxinos (7162)
H. Dickson Burton (4004)
Brandon S. Mecham, (13298)
TRASKBRITT, PC
230 South 500 East, Suite 300
Salt Lake City, Utah 84102
Telephone: (801) 532-1922
Facsimile: (801) 531-9168
ercataxinos@traskbritt.com
hdburton@traskbritt.com
bsmecham@traskbritt.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **FLOWSERVE US INC.**, a Delaware corporation, and **FLOWSERVE FCD Corporation**, a Delaware corporation,<br><br>        Plaintiffs,<br>v.<br><br>**OPTIMUX CONTROLS, LLC**, a Florida company; **TRIMTECK, LLC**, a Florida company; and **JAIME CONESA**, an citizen of Florida,<br><br>        Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No.:  2:13-cv-01073-CW<br><br>Judge: Clark Waddoups |

## BACKGROUND

Plaintiffs Flowserve US Inc. and Flowserve FCD Corporation (collectively referred to as "Flowserve"), by and through counsel, files this Complaint alleging as follows:

## THE PARTIES

1.      Flowserve US INC. is a corporation organized and existing under the laws of the state of Delaware, with their headquarters located at 5215 North O'Connor Blvd., Suite 2300, Irving, Texas 75039, and having a principal place of business at 1350 Mountain Springs Pkwy, Springville, Utah 84663.

2.      Flowserve FCD Corporation is a corporation organized and existing under the laws of the state of Delaware, with their headquarters located at 5215 North O'Connor Blvd., Suite 2300, Irving, Texas 75039, and having a principal place of business at 1350 Mountain Springs Pkwy, Springville, Utah 84663.

3.      Optimux Controls, LLC ("Optimux") is a company organized and existing under the laws of the state of Florida with a principal place of business at 12461 NW 44th Street, Coral Springs, Florida 33065

4.      Trimteck, LLC ("Trimteck") is a company organized and existing under the laws of the state of Florida with a principal place of business at 12461 NW 44th Street, Coral Springs, Florida 33065.

5.      Defendant Jaime Conesa ("Conesa") is a citizen of Florida residing, on information and belief, at 1860 NW 124th Way, Coral Springs, Florida 33071.

## JURISDICTION AND VENUE

6.      Plaintiffs are corporations incorporated under the laws of Delaware with their headquarters located in Irving, Texas, and having a principal place of business in Springville, Utah.  Defendant Optimux is a company organized under the laws of Florida with its principal place of business in Coral Springs, Florida.   Defendant Trimteck is a company organized under the laws of Florida with its principal place of business in Coral Springs, Florida.   Defendant Conesa is a citizen of Florida.  The amount in controversy, without interest and costs, exceeds the sum or value of $75,000 specified by 28 U.S.C. § 1332.

7.      This action arises under federal statutes, including 15 U.S.C. § 1125(a). Jurisdiction in this Court is founded upon 28 U.S.C. §§ 1331 and 1332.

8.      This Court has personal jurisdiction over Optimux under the Utah long-arm statute (UTAH CODE ANN. § 78-27-22) because Optimux: (1) transacts business in Utah and in this District; (2) supplies valve components to customers in Utah and in this District; (3) derives

substantial revenue from valve components sold and used in Utah and in this District; and (4) at its own request, participated in and executed a settlement agreement (the "Agreement") negotiated in Utah and in this District between Flowserve, Valtek Sulamericana Industria e Comercio Ltda. ("Valtek Sulamericana"), and Optimux, wherein Optimux expressly agreed that the Agreement should be governed and construed in accordance with the laws of the state of Utah, and the Agreement gives rise to the obligations the violation of which are the subject of this Case.

9.      This Court has personal jurisdiction over Trimteck under the Utah long-arm statute because Trimteck: (1) transacts business in Utah and in this District; (2) supplies valve components to customers in Utah and in this District; (3) derives substantial revenue from valve components sold and used in Utah and in this District; and (4) as successor in interest of Optimux for purposes of the Agreement, agreed that the Agreement should be governed and construed in accordance with the laws of the state of Utah.

10.      This Court has personal jurisdiction over Conesa under the Utah long-arm statute because Conesa has sufficient minimum contacts with Utah through the following activities: (1) doing business in Utah as an owner, manager and agent of Trimteck and Optimux; and (2) participating in and signing the Agreement, wherein the Agreement gives rise to the obligations and violations of which are the subject of this Case.  Conesa participated in the arbitration proceedings and subsequent settlement negotiations in Utah even though Optimux wasn't a party to the Arbitration.  Conesa voluntarily and purposefully availed himself to the benefits and protections of the state of Utah.

11.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants have committed acts in Utah that violate the Agreement, which agreement was negotiated in Utah and is governed by Utah law; furthermore, Optimux, as well as Trimteck, as successor in interest to Optimux for purposes of the Agreement, and Conesa, as an agent of

Trimteck and Optimux, agreed in the Agreement to resolve disputes concerning the Agreement in Utah.

## GENERAL ALLEGATIONS

12.     Plaintiffs develop and produce valves and valve components that are sold worldwide.

13.     From 1983 to 2001, Valtek Sulamericana, a Brazilian company, had a license to manufacture and distribute Flowserve products (the "License").  As a manufacturer of Flowserve products, Valtek Sulamericana obtained possession of Flowserve product blue prints that included Flowserve trade secrets.

14.     In 2003, Flowserve and Valtek Sulamericana entered arbitration (the "Arbitration") in the state of Utah concerning a contract dispute relating to the License.

15.     On or about January 25, 2002, Optimux was organized under the laws of Florida. Upon information and belief, Conesa is the President, Manager and 50% Owner of Optimux. Shortly after Optimux's organization, Optimux entered into a relationship with Valtek Sulamericana, wherein Valtek Sulamericana manufactured Optimux's private label products, some of which (as acknowledged by Conesa) improperly included Flowserve products incorporating Flowserve trade secrets.  On information and belief, Optimux, without permission or authorization from Flowserve, obtained Flowserve trade secrets from Valtek Sulamericana, including confidential blueprints for manufacturing Flowserve parts.

16.     Toward the end of the Arbitration proceedings, Plaintiffs and Valtek Sulamerica began to discuss terms that would settle the Arbitration.  During and after Arbitration, Conesa, as an agent of Optimux, voluntarily interjected Optimux into the Arbitration and the subsequent settlement discussions between Flowserve and Valtek Sulamericana by requesting that Optimux (and its agents, officers, employees, etc.) be a party to the Agreement to resolve any claims Flowserve had against Optimux.  On or about June 18, 2004, Plaintiffs entered the Agreement

4

with Valtek Sulamericana and Optimux to settle the Arbitration.  Conesa signed the Agreement on behalf of Optimux as its President and has personal knowledge of the obligations imposed on Optimux and any successor in interest by the Agreement.

17.     As part of the Agreement, Conesa agreed, on behalf of Optimux and "its agents, employees, officers [(of which he was one)] and directors and their affiliates" to "forever cease the sale, offering for sale, marketing, advertising, distribution, sub-distribution, and delivery worldwide of "Conflicting Products" defined as:

> (i)     All trim sets (plugs, disks, and balls; retainers; and seat rings) (including the ChannelStream, CavControl, Low Noise, TigerTooth, and MegaStream trim sets);
>
> (ii)    All valve bodies (including, globe, wafer, angle and 3-way adaptors);
>
> (iii)   All actuator housings; and
>
> (iv)    All positioners (including the Beta Positioner, XL, and XL90)

> that are identical to or are interchangeable with, parts for Valtek control valves manufactured or sold by Flowserve or its Affiliates on or before June 14, 2000, including parts for the following Valtek control valves: Mark One, Mark Two, Mark Three, Mark Four, Mark Five, Mark Six, Mark Seven, Mark Eight, Mark Nine, Trooper, ShearStream and Valdisk.

The term "Conflicting Products" (also referred to herein as the "Conflicting Products") was further defined to include "any products which are not colorably different from the foregoing."

18.     Flowserve has fully met its obligations under the Agreement.

19.     On or about November 23, 2004, Trimteck was organized under the laws of Florida.  Conesa is the President, Manager and Owner of Trimteck.

20.     On information and belief, in 2009, Trimteck became the successor in interest of all of Optimux's obligations under the Agreement.  Since that time, Trimteck has held itself out as Optimux's successor.  Among other things, Trimteck publicly represented in presentations that in 2009 "Trimtech and Optimux integrated under single U.S. entity, ownership of Optimux line and brand transferred to Trimteck."

21.     The trademark OPTIMUX, U.S. Trademark Registration No. 2,969,736, was assigned to Trimteck by Optimux, as recorded at the United States Patent & Trademark Office ("USPTO"), on May 13, 2009.

22.     Upon information and belief, and for all relevant purposes relating to the allegations of this Complaint, Optimux and Trimteck are alter egos of each other and of Conesa. In particular, such a unity of interest and ownership exists such that the separate personalities of Optimux, Trimteck and Conesa no longer exist; instead, Optimux and Trimteck are alter egos of each other and of Conesa, and, as a corporate form, have perpetrated bad acts against Flowserve.

23.     According to a Lexis search conducted for each entity, each of the four (4) Standard Industrial Classification (SIC) codes used to classify Trimteck are also used to classify Optimux, in particular: 3491 ("Industrial Valves"), 3492 ("Fluid Power Valves and Hose Fittings"), 3494 ("Valves and Pipe Fittings, Not Elsewhere Classified") and 5085 ("Industrial Supplies").  Both Optimux and Trimteck have their principal place of business listed at 12461 NW 44th Street, Coral Springs, Florida 33065.  According to the Lexis searches, Optimux and Trimteck share at least nine (9) "business associates," each of which has a listed address at 3884 NW 124th Ave., Coral Springs, Florida, 33065

24.     On information and belief, Trimteck, Optimux, and/or Conesa are currently in possession of Flowserve trade secrets, including confidential blue prints that pertain to the "Conflicting Products".

25.     On Trimteck's website, "http://www.trimteck.com/Products.html," as of at least November 27, 2013, Trimteck advertises "Replacement Trims for Valtek valves," including "Mark One valves sizes 1" through 8"" and "Shearstream valve sizes 1" through 6"," which are Flowserve components Trimteck is prohibited from selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering pursuant to the terms of the Agreement.

26.     On information and belief, a currently-available Optimux/Trimteck OpGL 2 inch globe valve has a valve body, plug, stem guide retainer, seat assembly, and bonnet flange that are interchangeable with those of the Flowserve Mark One 2 inch globe valve, in violation of the Agreement.

27.     Trimteck is selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products" to customers who would otherwise purchase such products from Flowserve.

### COUNT ONE
**Utah State Claim for Breach of Contract**
**(Against all Defendants)**

28.     Plaintiffs incorporate the previous paragraphs herein.

29.     A contract—the Agreement—existed between Plaintiffs and Optimux, the obligations of which were assumed by Trimteck as a successor in interest to Optimux and also by Conesa as an agent, employee, officer, and/or director of Optimux.

30.     Plaintiffs have fully met their obligations under the Agreement.

31.     Trimteck and Optimux, under the direction of Conesa or as alter egos of one another and/or of Conesa, breached the Agreement by selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products".

32.     Conesa, as an agent, employee, officer, and/or director of Optimux, breached the Agreement by selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products".

33.     Defendants' breach of the Agreement has damaged Plaintiffs in an amount to be determined at trial, but not to be less than $75,000.00.

## COUNT TWO
### Utah State Claim for Misappropriation of Trade Secrets
### (Against all Defendants)

34.     Plaintiffs incorporate the previous paragraphs herein.

35.     Without authority or permission to do so, Optimux unlawfully obtained or retained Flowserve property, including trade secrets, in violation of the Utah Uniform Trade Secrets Act, UTAH CODE ANN. § 13-24-1 *et seq.*, which trade secrets are now in the possession of Trimteck, Optimux's successor in interest.  The trade secrets belonging to Flowserve, which include the blue prints and details of the "Conflicting Products", derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use; and are the subject of reasonable efforts by Flowserve to maintain their secrecy.

36.     Subsequent to execution of the Agreement, Trimteck has, under the direction of Conesa, without authorization, possessed and used Flowserve's trade secrets for its own commercial gain, to the harm and detriment of Flowserve.

37.     Alternatively, Trimteck and Optimux, as alter egos of one another and/or of Conesa, have, subsequent to the execution of the Agreement and without authorization, possessed and used Flowserve's trade secrets for its/their own commercial gain, to the harm and detriment of Flowserve.

38.     Conesa, as an agent, employee, officer, and/or director of Optimux, has, subsequent to the execution of the Agreement and without authorization, possessed and used Flowserve's trade secrets for its/their own commercial gain, to the harm and detriment of Flowserve.

39.     Defendants' conduct has caused and continues to cause damage and irreparable injury to Flowserve.  Flowserve is entitled to injunctive relief pursuant to the Utah Uniform Trade Secrets Act to prevent actual or threatened misappropriation of Flowserve's trade secrets. Flowserve is also entitled to an order requiring Defendants to return all originals and copies of Flowserve's property, whether hardcopies, electronic, digital, magnetic, or otherwise.

40.     Defendants' misappropriation of Flowserve's trade secrets has damaged Plaintiffs in an amount to be proved at trial.  These actions are also willful and malicious, entitling Plaintiffs to twice the amount of damages incurred.

### COUNT THREE
**Utah State Claim for Interference with Economic Relations**
**(Against all Defendants)**

41.     Plaintiffs incorporate the previous paragraphs herein.

42.     Trimteck, under the direction of Conesa,  is currently selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products" to customers who would otherwise purchase such "Conflicting Products" from Flowserve.

43.      Trimteck, under the direction of Conesa, intentionally interfered with Flowserve's existing or potential economic relations.

44.     Alternatively, Trimteck and Optimux, as alter egos of one another and/or of Conesa, intentionally interfered with Flowserve's existing or potential economic relations and is/are currently selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products" to customers who would otherwise purchase such "Conflicting Products" from Flowserve.

45.     Conesa, as an agent, employee, officer, and/or director of Optimux, intentionally interfered with Flowserve's existing or potential economic relations and is/are currently selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting

Products" to customers who would otherwise purchase such "Conflicting Products" from Flowserve

46.     Defendants' interference with Flowserve's existing or potential economic relations was for an improper purpose or by improper means.

47.     Defendants' interference with Flowserve's existing or potential economic relations has damaged Plaintiffs in an amount to be proved at trial.

**COUNT FOUR**
**Unfair Competition under 15 U.S.C. § 1125(a)**
**(Against all Defendants)**

48.     Plaintiffs incorporate the previous paragraphs herein.

49.     Trimteck is not a distributor for Flowserve, nor is Trimteck sponsored by Flowserve, nor does Trimteck have approval to offer for sale, market, or advertise Flowserve's goods; furthermore, Trimteck, as a successor in interest of Optimux for purposes of the Agreement, is expressly prohibited from selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products" pursuant to the terms of the Agreement.

50.     Optimux is not a distributor for Flowserve, nor is Optimux sponsored by Flowserve, nor does Optimux have approval to offer for sale, market, or advertise Flowserve's goods; furthermore, Optimux is expressly prohibited from selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products" pursuant to the terms of the Agreement.

51.     Trimteck, under the direction of Conesa, is offering for sale, marketing, and advertising "Conflicting Products" on its website, including "Replacement Trims for Valtek valves," including "Mark One valves sizes 1" through 8"" and "Shearstream valve sizes 1" through 6"."

52.    Conesa, is not a distributor for Flowserve, nor is Conesa sponsored by Flowserve, nor does Conesa have approval to offer for sale, market, or advertise Flowserve's goods; furthermore, Conesa is expressly prohibited from selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products" pursuant to the terms of the Agreement.

53.    Alternatively, Trimteck and Optimux, as alter egos of one another and/or of Conesa, is/are offering for sale, marketing, and advertising "Conflicting Products" on Trimteck's website, including "Replacement Trims for Valtek valves," including "Mark One valves sizes 1" through 8"" and "Shearstream valve sizes 1" through 6"."

54.    Alternatively, Conesa is offering for sale, marketing, and advertising "Conflicting Products" on Trimteck's website, including "Replacement Trims for Valtek valves," including "Mark One valves sizes 1" through 8"" and "Shearstream valve sizes 1" through 6"."

55.    The offering for sale, marketing, and advertising of "Conflicting Products" on Trimteck's website is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Trimteck's goods by Plaintiffs.

56.    The unfair competition perpetuated by Defendants has damaged Plaintiffs in an amount to be proved at trial.

### COUNT FIVE
**Utah State Claim for Deceptive Trade Practices**
**(Against all Defendants)**

57.    Plaintiffs incorporate the previous paragraphs herein.

58.    Trimteck is not a distributor for Flowserve, nor is Trimteck sponsored by Flowserve, nor does Trimteck have approval to offer for sale, market, or advertise Flowserve's goods; furthermore, Trimteck, as a successor in interest of Optimux for purposes of the Agreement, is expressly prohibited from selling, offering for sale, marketing, advertising,

distributing, sub-distributing, or delivering "Conflicting Products" pursuant to the terms of the Agreement.

59.     Optimux is not a distributor for Flowserve, nor is Optimux sponsored by Flowserve, nor does Optimux have approval to offer for sale, market, or advertise Flowserve's goods; furthermore, Optimux is expressly prohibited from selling, offering for sale, marketing, advertising, distributing, sub-distributing, or delivering "Conflicting Products" pursuant to the terms of the Agreement.

60.     Trimteck, in the course of its business and under the direction of Conesa, in violation of the Utah Deceptive Trade Practices Act, UTAH CODE ANN. § 13-11a-3(1)(a), is offering for sale, marketing, and advertising "Conflicting Products" on its website, including "Replacement Trims for Valtek valves," including "Mark One valves sizes 1" through 8"" and "Shearstream valve sizes 1" through 6"."

61.     Conesa, in the course of his business, in violation of the Utah Deceptive Trade Practices Act, Utah Code Ann. § 13-11a-3(1)(a), is offering for sale, marketing, and advertising "Conflicting Products" on its website, including "Replacement Trims for Valtek valves," including "Mark One valves sizes 1" through 8"" and "Shearstream valve sizes 1" through 6"."

62.     Alternatively, Trimteck and Optimux, as alter egos of one another and/or of Conesa, in violation of the Utah Deceptive Trade Practices Act, § 13-11a-3(1)(a), is/are offering for sale, marketing, and advertising "Conflicting Products" on Trimteck's website, including "Replacement Trims for Valtek valves," including "Mark One valves sizes 1" through 8"" and "Shearstream valve sizes 1" through 6"."

63.     The offering for sale, marketing, and advertising of "Conflicting Products" on Trimteck's website by any of Defendants represents that such goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have.

64.     The offering for sale, marketing, and advertising of "Conflicting Products" on Trimteck's website by any of Defendants represents that Trimteck, or, alternatively, Trimteck and Optimux as alter egos of one another and/or of Conesa, has/have sponsorship, approval, status, affiliation, or connection that none of Defendants have/has.

65.     Defendants' deceptive trade practices have damaged Plaintiffs in an amount to be proved at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants as follows:

1.     Holding Defendants liable for breach of contract in an amount to be determined at trail.

2.     Holding Defendants liable for misappropriation of Plaintiff's trade secrets in an amount to be determined at trail.

3.     Granting temporary, preliminary and permanent injunctive relief prohibiting Defendants Conesa and Trimteck, including their agents, successors or assigns, or anyone working in concert with either of Defendants, from actual or threatened further misappropriation of Plaintiff's trade secrets.

4.     Requiring Defendants to return all originals and copies of Flowserve's property, whether hardcopies, electronic, digital, magnetic, or otherwise.

5.     For an Order directing Defendants to cease making, using, selling and distributing all "Conflicting Products", whether in the possession of Defendants, or Trimteck's distributors or retailers, and that all offending products or materials be seized or destroyed.

6.     Awarding Plaintiffs twice the amount of damages for Defendants' willful and malicious misappropriation of Plaintiff's trade secrets

7.     Holding Defendants liable for interfering with Plaintiff's economic relations in an amount to be determined at trail.

8.      Holding Defendants liable for unfair competition in an amount to be determined at trial.

9.      Holding Defendants liable for deceptive trade practices in an amount to be determined at trail.

10.     Directing Defendants to pay monetary damages, including interest, to Plaintiffs as a result of Defendants' bad acts as alleged herein.

11.     Awarding punitive damages against all Defendants and in favor of Plaintiffs as allowed by law.

12.     For costs of Court.

13.     For such further equitable and legal relief that this Court deems reasonable and appropriate under the circumstances.


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues properly triable by jury.

Respectfully Submitted,


Dated: December 3, 2013


By:   /s/ Edgar R. Cataxinos
_____
Edgar R. Cataxinos
TRASKBRITT, P.C.
230 So. 500 E., #300
Salt Lake City, UT 84102

Attorney for Plaintiffs