IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FLOWSERVE US INC., a Delaware corporation, and FLOWSERVE FCD CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>OPTIMUX CONTROLS, LLC, a Florida company; TRIMTECK, LLC, a Florida company; and JAIME CONESA, a citizen of Florida,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO AMEND AND MOTION FOR A SCHEDULING ORDER<br><br><br>2:13-CV-01073<br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

This matter is before the Court for consideration of Plaintiffs' Motion to Amend the Complaint[1] and Plaintiffs' Motion for a Scheduling Order.[2] For the reasons outlined more fully herein, the court will GRANT Plaintiffs' Motion to Amend the Complaint and will GRANT IN PART AND DENY IN PART Plaintiffs' Motion for a Scheduling Order.

**PROCEDURAL HISTORY**

The complaint in this case was filed on December 3, 2013.[3] The case was referred to Judge Wells on a 28 U.S.C. 636(b)(1)(A) referral.[4] On March 5, 2014, the Court entered its first

---

[1] Docket no. 123.

[2] Docket no. 135.

[3] Docket no. 2.

scheduling order and on October 1, 2014, the parties submitted a stipulated motion for a revised scheduling order extending fact discovery until July 30, 2015.[5]  Shortly after the stipulated motion for an amended scheduling order was entered, Defendants Conesa and TrimTeck filed an early Motion for Summary Judgment[6] and then a motion to stay discovery pending resolution of the Motion for Summary Judgment.[7]  Over a year passed before the motion was fully briefed, oral argument was heard, and a ruling was issued.  The Court denied without prejudice Defendants' Motion for Summary Judgment.[8]  Although this case was filed almost three years ago, fact discovery has not concluded, expert discovery has not begun and no trial setting has been scheduled.

## BACKGROUND

This litigation arises out of the enforcement of a settlement agreement ("Agreement") between Plaintiffs Flowserve US Inc. and Flowserve FCD Corp ("Flowserve") and Defendant Optimux Controls, LLC ("Optimux").  The Agreement also included nonparty Valtek Sulamericana and was signed by Defendant Jaime Conesa ("Conesa").  Conesa signed on behalf of Optimux but the Agreement reads "Optimux, its agents, employees, officers and directors and their Affiliates shall forever cease the sale, offering for sale, marketing, advertising, distribution,

---

[4] Docket no. 6.

[5] Docket no. 26 and docket no. 30 (later vacated).

[6] Docket no. 31.

[7] Docket no. 43.

[8] Docket no. 108.

sub-distribution, and delivery worldwide of the Conflicting Products."[9]  Plaintiffs previously alleged in paragraphs 29, 32, and 52 of the operative complaint that Conesa personally agreed to abide by, and breached, the obligations imposed on him by the Agreement.  Moreover, Plaintiffs allege that Conesa and TrimTeck are affiliates and alter egos of Optimux.  Plaintiffs seek to amend the operative complaint to add in affiliate language, and to add a good faith and fair dealing cause of action.  The subject matter and factual issues remain the same and Plaintiffs do not seek to add new parties.

## ANALYSIS

**1. MOTION FOR LEAVE TO AMEND**

Rule 15(a) of the Federal Rules of Civil Procedure requires that trial courts liberally grant motions for leave to amend.[10]  The "purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties."[11]  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court"[12] and will not be overturned "absent an abuse of discretion."[13]  The justifications for denying a motion to amend include undue delay, prejudice, and futility.[14]  While all three

---

[9] Docket no. 123, Ex. B. at ¶ 26.

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citations omitted).

[12] *Id*. (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

[13] *Id*. (quoting *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002).

[14] *See Frank v U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

factors will be considered, delay alone does not justify refusing to amend.[15]  Moreover, undue prejudice is the most important factor.[16]

### A. AMENDMENT WILL NOT RESULT IN UNDUE PREJUDICE

Defendants argue that they will face prejudice if leave to amend is granted because of additional discovery costs they must incur, and because they had not prepared to defend a direct breach cause of action in this case.  Plaintiffs argue that the theory had always been part of their case yet Defendants have attempted to litigate only the alter ego theory.

"Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[17]  Prejudice generally occurs when "the amended claims arise out of a subject matter different from what was set forth in the Complaint and raises significant new factual issues."[18]

Here, Plaintiffs' amendments pertain to the same subject matter as the existing Complaint.  Plaintiffs were able to point to a number of citations in their original complaint illustrating that they intended to bring a direct breach cause of action based on an affiliates argument.[19]  But even if they did not, the amendments relate to the same subject matter already being litigated.  Moreover, the existing complaint alleges that Defendant Conesa personally agreed to the settlement agreement at issue as he was an agent, employee, officer or director of

---

[15] *Minter*, 451 F.3d at 1205.

[16] *Id.* at 1207.

[17] *Id.* at 1208.

[18] *Id.*

[19] *See e.g.,* Docket no. 2, at ¶¶ 17, 29, 31, 32.

Optimux at the time the settlement agreement was signed. To that end, Plaintiffs' affiliate theory of liability raises the same factual issues already at issue in this litigation. While the Court is sensitive to Defendants' argument that Plaintiff is a large corporation with the ability to outspend Defendants in this litigation, additional costs alone do not justify denying leave to amend.[20]

### B. THERE HAS NOT BEEN UNDUE DELAY IN SEEKING AMENDMENT

Defendants argue that Plaintiff offers no reasonable explanation for waiting almost two years after the scheduling order's deadline for filing motions to amend before advancing theirs. Plaintiffs acknowledge that the scheduling order deadline has passed but point to Rule 15's liberal pleading standard to justify amendment. Moreover, Plaintiffs argue that it was Defendants' litigation strategy to bring an early summary judgment motion and subsequent motion to stay the case that delayed the case and caused the original scheduling order to be abandoned. It is unfortunate that the Court's docket was such that over a year passed before certain motions including the summary judgment motion was decided by the Court. However, the parties had 239 days of fact discovery remaining in the discovery period when Defendants filed a motion to stay the litigation. In addition, the scheduling order that Defendants argue should govern was actually vacated by the Court.[21]

### C. AMENDMENT IS NOT FUTILE

Defendants argue that allowing amendment would be futile because Mr. Conesa signed the settlement agreement only on behalf of Optimux and not in his personal capacity. Plaintiffs

---

[20] *See, e.g.*, *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 101 (S.D.N.Y. 2010)

[21] Docket no. 98.

point out that under one possible reading of the settlement agreement, Conesa personally agreed not to engage in prohibited acts himself or through any affiliates.

Plaintiffs have provided the Court with case precedent showing that courts can look beyond the signature line and consider the intent of the parties in determining whether a corporate officer's signature also intends to bind him in an individual capacity.[22]  Moreover, because a proposed amended complaint "must be viewed in the light most favorable to the plaintiff," it "should not be dismissed unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of its claims."[23]  Defendants do not meet this high standard here.

For the foregoing reasons, Plaintiffs' Motion to Amend will be GRANTED.

## 2.  MOTION TO AMEND SCHEDULING ORDER

Rule 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent."[24]  The decision whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court.[25]  The Court considers whether

---

[22] *See Innovation Ventures, L.L.C. v. Custom Nutrition Labs., L.L.C.*, No. 12-135850, 2015 WL 5679879, at *21 (E.D. Mich. Sept. 28, 2015) (denying corporate officer defendant's motion for summary judgment because, although signature was signed in his corporate capacity, the restrictions of the Settlement Agreement intended to bind the officer also in his personal capacity.  Moreover, various jurisdictions recognize that an officer's signature as agent of a corporation does not automatically preclude his personal liability on that contract particularly where the contract contains inconsistent language tending to show an intent to impose personal obligations.  *See, e.g.*, *Ricker v. B-W Acceptance Corporation*, 349 F.2d 892 (10th Cir. 1965).

[23] *Clearone Commc'ns, Inc. v. Chiang*, No. CIV. 2:07CV00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007).

[24] Fed. R. Civ. P. 16(b)(4).

[25] *See, e.g.*, *Johnson v. Peay*, No. 1:14-cv-147, 2015 WL 7112942, at *2 (D. Utah Nov. 13,

trial is imminent, whether the request is opposed, whether the request will prejudice the non-moving party, the parties' diligence in obtaining discovery within the guidelines established, and the likelihood that discovery will lead to relevant evidence.[26]

Here, a trial is not scheduled and is therefore not imminent. The request is opposed, but the reasons given in opposition are belied by the Court's grant of leave to amend.[27] While Defendants would have to expend additional time and money on discovery, the requested fact discovery period is only four months long. Moreover, eight months still remained in the fact discovery period the parties stipulated to prior to stopping discovery while the Court handled various open motions, including Defendants' Motion for Summary Judgment. It appears to the Court that, while this case has certainly been delayed, it was not due to dilatory conduct on behalf of the parties. This leads the Court to the last factor: likelihood that discovery will lead to relevant evidence. Given that discovery has not been done on these affiliate issues, and the extent that Conesa personally might be bound by the Agreement, the Court finds that discovery may lead to relevant evidence. For the foregoing reasons, the Court will grant Plaintiffs' motion as regards a four-month fact discovery period to conduct discovery related to affiliate issues and TrimTeck and Conesa's possible liability under the Agreement. However, Judge Waddoups' December 7, 2015 Order—limiting Plaintiffs' discovery related to alter ego and ordering such costs to be borne by Plaintiffs—is still in effect.[28]

---

2015).

[26] *See id.*

[27] *See* footnote 22 and related discussion.

[28] Docket no. 108.

Finally, Plaintiffs' also seek a three month extension in which the parties may file a motion to amend the pleadings or add parties. The Court has granted leave to amend as indicated above, but will not order an extension on the deadline for the parties to seek additional amendment. The Court will therefore GRANT IN PART AND DENY IN PART Plaintiffs' motion as outlined above.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court Orders as follows:

1) Plaintiffs' Motion for Leave to File Amended Complaint[29] is GRANTED. Plaintiff is directed to remove the Misappropriation of Trade Secrets Claim[30] and file the amended complaint within seven (7) days of the date of this Order.

2) Plaintiffs' Motion for Entry of an Amended Scheduling Order[31] is GRANTED IN PART AND DENIED IN PART. The Parties shall meet and confer and submit a stipulated amended scheduling order within fourteen (14) days of the date of this Order. The Order shall provide for all remaining deadlines, including a four month fact discovery period as outlined above. However, the Scheduling Order shall not include an additional three months extension for amending the Complaint. If the parties are unable to reach a stipulated Amended Scheduling Order, the parties shall each submit their proposed order.

SO ORDERED.

Dated this 23rd day of September 2016.

---

[29] Docket no. 123.

[30] Plaintiffs indicated that they did not intend to re-plead a misappropriation claim.

[31] Docket no. 135.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge