IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FLOWSERVE US INC., a Delaware corporation, and FLOWSERVE FCD CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>OPTIMUX CONTROLS, LLC, a Florida company; TRIMTECK, LLC, a Florida company; and JAIME CONESA, a citizen of Florida,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' PROPOSED SCHEDULING ORDER AND DENYING DEFENDANTS' PROPOSED SCHEDULING ORDER<br><br><br>2:13-CV-01073<br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

This matter is before the Court for consideration of the parties' competing Motions for a Scheduling Order.[1] On 9/23/2016, the Court granted Plaintiff's motions for leave to amend the Complaint and granted in part and denied in part Plaintiff's motion for a scheduling order.[2] The Court instructed the parties to meet and confer and submit a stipulated amended scheduling order.[3] The parties have met and conferred but have been unable to stipulate to a scheduling order. The Court instructed the parties to "provide for all remaining deadlines, including a four month fact discovery period."[4]

---

[1] Docket nos. 167, 168.
[2] Docket no. 163.
[3] *Id.*
[4] *Id.* at 6.

The parties each submitted their proposed scheduling order.  Plaintiffs detailed their deadlines and provided for a four month fact discovery period.[5]  Defendants' proposed order left a number of items "To be determined" and provided substantively only for their own renewed motion for summary judgment and for a four month fact discovery period.[6]  After review of both proposed orders, the Court will GRANT Plaintiffs' Motion for a Scheduling Order[7] and DENY Defendants' Motion for a Scheduling Order.[8]  Therefore, the following Scheduling Order shall govern this case.

## SCHEDULING ORDER

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Rule 6 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6.

**\*\*ALL TIMES 11:59 PM UNLESS INDICATED\*\***

| | | | |
|---|---|---|---|
| 1. | | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
| | a. | Parties bearing burden of proof | *2/28/17* |
| | b | Counter reports | *3/24/17* |
| 2. | | **OTHER DEADLINES** | **DATE** |
| | a. | Fact Discovery: *Fact discovery shall be completed by February 3, 2017 on all discovery related to affiliate issues and TrimTeck and Jaime Conesa's possible | 2/3/17* |

---

[5] Docket no. 168.
[6] Docket no. 167.
[7] Docket no. 168
[8] Docket no. 167.

|   |   |   |
|---|---|---|
|   | liability under the June 18, 2004 Settlement Agreement. However, Judge Waddoups' December 7, 2015 Order (Docket No. 108) - limiting Plaintiffs' discovery related to alter ego and ordering such costs to be borne by Plaintiffs – is still in effect. |   |
| b. | Last day for Expert discovery | *4/21/17* |
| c. | Deadline for filing dispositive or potentially dispositive motions | *5/19/17* |
|   | If the parties do not intend to file dispositive or potentially dispositive deadlines, a scheduling conference will be held for purposes of setting a trial date. | *5/24/17* *1:45 P.M* |
| d. | Deadline for filing partial or complete motions to exclude expert testimony | *5/19/17* |

| 3. | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
|---|---|---|
| a. | Evaluate case for Settlement/ADR on | *5/31/17* |

**5.    OTHER MATTERS**

Parties should file all Motions in Limine well in advance of the Final Pre Trial.

**CONCLUSION AND ORDER**

The Court Orders as follows:

1) Plaintiffs' Motion for Scheduling Order[9] is GRANTED.

2) Defendants' Motion for Scheduling Order[10] is DENIED.

3) The Scheduling Order outlined above shall govern this case.

SO ORDERED.

Dated this 12th day of October 2016.

BY THE COURT:

*[signature: Brooke C. Wells]*

BROOKE C. WELLS
United States Magistrate Judge

---

[9] Docket no. 168.

[10] Docket no. 167.